IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 63,060-01






EX PARTE GERALD PATRICK THOMAS, JR., Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS 


IN CAUSE NO. 02-0190X

IN THE 71ST DISTRICT COURT

FROM HARRISON COUNTY



 

 Per curiam.


 O R D E R



 This is an application for a writ of habeas corpus which was transmitted to this Court 
pursuant to the provisions of Tex. Code Crim. Proc. art. 11.07. Applicant was convicted
of the offenses of indecency with a child, sexual performance by a child, possession or
promotion of child pornography, sexual assault, and aggravated sexual assault. Applicant was
sentenced to confinement for three terms of ninety-nine years. Applicant's conviction was
affirmed on appeal. Thomas v. State, No. 06-03-00115-CR (Tex. App.--6th, delivered
March 3, 2004).

 Applicant alleges ineffective assistance of counsel. Specifically, Applicant contends
that counsel failed to conduct an adequate investigation and interview witnesses.

 The trial court has not entered findings of fact or conclusions of law. We believe that
Applicant has alleged facts that, if true, might entitle him to relief. Therefore, it is this
Court's opinion that additional facts need to be developed and because this Court cannot hear
evidence, the trial court is the appropriate forum. The trial court may resolve those issues
as set out in Tex. Code Crim. Proc. art. 11.07, § 3 (d), in that it may order affidavits,
depositions, or interrogatories from counsel, or it may order a hearing. In the appropriate
case the trial court may rely on its personal recollection. 

 If the trial court elects to hold a hearing, the court should first decide whether
Applicant is indigent. If the trial court finds that Applicant is indigent and Applicant desires
to be represented by counsel, the trial court will then, pursuant to the provisions of Tex.
Code Crim. Proc. art. 26.04, appoint an attorney to represent him at the hearing. 

 Following receipt of additional information, the trial court should make findings of
fact as to whether counsel investigated claims that J.S. was not present at Applicant's house
after December 16, 2000. In addition, the trial court should make findings of fact as to
whether counsel interviewed Pam Prentice, an alibi witness. If it is determined that counsel
did neither of the above, the trial court should make findings of fact as to counsel's
explanation. The trial court should also make any further findings of fact and conclusions of
law it deems relevant and appropriate to the disposition of the application for writ of habeas
corpus.

 Because this Court does not hear evidence, Ex Parte Rodriquez, 334 S.W.2d 294 (Tex.
Crim. App. 1960), this application for a post-conviction writ of habeas corpus will be held
in abeyance pending the trial court's compliance with this order. Resolution of the issues
shall be accomplished by the trial court within 90 days of the date of this order. (1) A
supplemental transcript containing all affidavits and interrogatories or the transcription of the
court reporter's notes from any hearing or deposition, along with the trial court's
supplemental findings of fact and conclusions of law, shall be returned to this Court within
120 days of the date of this order. (2)

 IT IS SO ORDERED THIS THE 25TH DAY OF JANUARY, 2006.

 

DO NOT PUBLISH 

 
1. In the event any continuances are granted, copies of the order granting the continuance
should be provided to this Court.
2. Any extensions of this time period should be obtained from this Court.